UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNN BALLARD, as Special Administrator of the Estate of PATRICK PAGE, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> Wilderness Resort Hotel & Golf Resort; Wilderness Hotel & Resort, Inc.; Wilderness Resort Construction, LLC; Wilderness Hotel & Golf Resort, Inc.; Wilderness Development Corporation; Wilderness Territory; Wilderness Tennessee Entertainment, LLC; Wilderness Tennessee Marks, LLC; Wilderness Tennessee Property Management, LLC; Wilderness Tennessee Rental Management, LLC; Wilderness Ventures Holding Company, LLC; Wilderness Ventures Management Services, LLC; Wilderness Tennessee Ventures No. 1, LLC; Wilderness Tennessee Ventures No. 2, LLC; Wilderness Tennessee Ventures No. 3, LLC; Wilderness Tennessee Ventures No. 4, LLC; Wilderness Tennessee Ventures No. 5, LLC; and Glacier Canyon Lodge, LLC, <br><br> Defendants. | No. 14 C 00841 <br><br> Judge Edmond E. Chang |

**ORDER**

Plaintiff Lynn Ballard, administrator of her husband Patrick Page's estate, originally brought suit in the Circuit Court of Cook County, Illinois, after her husband died in a swimming pool accident.[1] R. 23-1, Defs.' Exh. A, Compl. Ballard

---

[1] Citation to the docket is "R." followed by the docket entry.

alleges that Defendants—multiple corporations and limited liability companies with potential ties to the pool—negligently operated the pool, leading to the accident. Defendants removed the case from state court to this Court, but Ballard has now requested that the Court remand the case back to state court. R. 23, Am. Notice of Removal; R. 40, Pl.'s Req. Remand. For the reasons discussed below, Ballard's request for remand [R. 40] is granted.

**I. Background**

On December 21, 2011, Ballard's husband drowned in a swimming pool located on the premises of Defendant Wilderness Hotel & Resort, Inc. (Wilderness Hotel). *See* Compl. ¶¶ 3-4, 14; *see also* R. 23-4, Defs.' Exh. D, Lucke Aff. ¶ 6. Ballard and her husband were both guests at the hotel where the pool was located. Compl. ¶ 12. On December 20, 2013, Ballard, as the administrator of her husband's estate, filed this lawsuit in the Circuit Court of Cook County against all eighteen of the Defendants, alleging that they collectively owned and operated the hotel and the pool. *See id.* ¶¶ 3-4. Ballard alleges that Defendants' negligence caused her husband's death, including through the lack of precautionary measures, the lack of proper lifeguard training and supervision, and the failure to properly maintain the pool. *Id.* ¶ 17.

Defendants then removed the case to this Court, asserting diversity of citizenship as the basis of federal subject matter jurisdiction. R. 2, Notice of Removal ¶ 5. After the Court issued a jurisdictional inquiry, Defendants filed an amended notice of removal, and it then became clear that one Defendant, Glacier

Canyon Lodge, LLC, is a citizen of Illinois. Am. Notice of Removal ¶ 17.[2] This was a problem because Ballard is also an Illinois citizen. *See id.* ¶¶ 1, 16. Normally, this would destroy the complete diversity that is required to support removal to federal court. Defendants, however, argue that this Court still has subject matter jurisdiction because Ballard fraudulently joined Glacier Canyon. *Id.* ¶ 18. In response, Ballard has moved to remand the case back to state court, arguing that Glacier Canyon is properly joined. Pl.'s Req. Remand at 1-2.

**II. Legal Standard**

Ordinarily, the presence of a non-diverse defendant, like Glacier Canyon, would render removal improper. But where defendants can show that the "joinder" of the non-diverse defendant was "fraudulent"—that is, when "fraudulent joinder" applies—then federal courts will disregard the non-diverse defendant for purposes of determining whether diversity jurisdiction exists. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).[3] Defendants must clear a high hurdle to prove fraudulent joinder: "Fraudulent joinder is difficult to establish—a defendant must demonstrate that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."

---

[2]Glacier Canyon, a limited liability company, is considered an Illinois citizen because four of its members are citizens of Illinois. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members.").

[3]As the Seventh Circuit explained, "fraudulent" is a term of art in this context, and not intended to pejoratively characterize the plaintiff's state of mind in the usual sense of the term "fraudulent." *Poulos*, 959 F.2d at 73. Indeed, "joinder" too is not necessarily precise because the doctrine applies whether or not the non-diverse defendant was later "joined" after the initial filing of the complaint, or instead was named in the initial complaint.

*Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (internal quotation marks and citation omitted). Stated differently, the Court must ask whether there is "any reasonable possibility that the plaintiff could prevail against the non-diverse defendant." *Id.* (internal quotation marks and citation omitted). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Id.* at 758.

### III. Analysis

In support of their fraudulent-joinder argument, Defendants filed an affidavit from Thomas Lucke,[4] a member of many of the Defendant LLCs and also the Chief Operating Officer of Wilderness Hotel & Resort, Inc. *See* Am. Notice of Removal ¶¶ 7, 9-15, 17; Lucke Aff. ¶ 2. The affidavit states that "no party . . . other than WILDERNESS HOTEL & RESORT, INC. owned or managed the pool where Patrick Page allegedly drowned" and also that "no party . . . other than WILDERNESS HOTEL & RESORT, INC. managed or employed the lifeguards for

---

[4]This Court may consider the Lucke affidavit when evaluating Defendants' fraudulent-joinder argument. *See Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992) (considering the defendant's affidavit when evaluating whether there was fraudulent joinder). Ballard argues, however, that the Court should not consider Lucke's affidavit because it is not dated. Pl.'s Req. Remand at 3-4. But 28 U.S.C. § 1746 only requires that affidavits "substantially" conform with its requirements, *see EEOC v. World's Finest Chocolate, Inc.*, 701 F. Supp. 637, 639 (N.D. Ill. 1988), and an additional affidavit from one of Defendants' attorneys cures the date problem by stating that Lucke signed his affidavit sometime between February 19 and February 21, 2014, *see* R. 44-4, Defs.' Exh. D, Clyder Aff. ¶¶ 2-3. In this case, there does not seem to be any particular time-sensitive issue that makes the day Lucke signed the affidavit particularly meaningful. Furthermore "decisions on the merits are not to be avoided on the basis of mere technicalities." *Schiavone v. Fortune,* 477 U.S. 21, 27 (1986) (internal quotation marks and citation omitted); *cf. also Pfeil v. Rogers,* 757 F.2d 850, 859 (7th Cir. 1985).

4

the pool where Patrick Page allegedly drowned." Lucke Aff. ¶¶ 7, 9. Defendants argue that, because this is a premises-liability case, this affidavit forecloses any liability against Glacier Canyon, the key Defendant that destroys complete diversity. Am. Notice of Removal ¶¶ 21-25. In their view, because Glacier Canyon did not "own, manage or control" the pool where the accident occurred or "employ or manage" the pool's lifeguards, it owed no duty to Ballard and her husband. *Id.* ¶¶ 21-23; R. 44, Defs.' Reply Br. at 3.

But the success of Defendants' fraudulent-joinder argument depends on whether Defendants have adequately shown that Glacier Canyon and Wilderness Hotel are two entirely separate entities and, more importantly, two entities without any overlapping responsibilities. Here, the record demonstrates that there is some overlap between these two entities. For one, there is evidence that they operate common entertainment and recreation areas. Resort guests at any one of Defendants' locations, for example, have access to facilities common to the multiple Defendants. *See* R. 40-2 to -5, Pls.' Exhs. B-E (attaching screen shots of Defendants' websites); Compl. ¶ 5 (alleging that all Defendants' guests have "access [to] the hotel and resort property, including the various waterparks at the Wilderness Resort"). Because of Defendants' overlapping common areas, there is at least a reasonable possibility—and any reasonable possibility is all that it takes—that discovery could reveal that Glacier Canyon was involved in operating the pool where Ballard's husband died. For instance, discovery could reveal a verbal, if not more formal, agreement between Glacier Canyon and Wilderness Hotel about how

5

the parties would share the pool and other common areas, leaving open the possibility that multiple parties might have some responsibility for the pool. Remember, this case is merely at the pleading stage, with no chance for Ballard to take discovery in order to test Lucke's affidavit and to explore these factual theories.

In addition to these overlapping common areas, the grounds for negligence alleged in Ballard's complaint also demonstrate that the Lucke affidavit does not foreclose the reasonable possibility that Glacier Canyon may still be liable. It is true that the pool itself was on Defendant Wilderness Hotel's property, *see* Compl. ¶¶ 3-4; Lucke Aff. ¶ 6, but Ballard importantly alleges negligence that goes beyond the mere location or control of the pool.[5] For example, the complaint alleges that Defendants "[f]ailed to implement appropriate policies and procedures" and also "[f]ailed to provide adequate and/or appropriate supervision to patrons utilizing the waterparks." Compl. ¶ 17(c), (f). The complaint also alleges that Defendants not only failed to supervise their lifeguards—the focus of the Lucke affidavit—but also failed to supervise other members of their staff, including "resort security staff." *Id.*

---

[5]Ballard also argues that the common-defense doctrine defeats Defendants' fraudulent-joinder argument. *See* Pl.'s Req. Remand at 9-10. Although the Seventh Circuit has recognized the doctrine, *see Walton v. Bayer Corp.*, 643 F.3d 994, 1002 (7th Cir. 2011), it only applies in circumstances where "the showing which forecloses [the plaintiffs'] claim against the non-diverse defendants necessarily and equally compels foreclosure of *all their claims* against *all* the diverse defendants," *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 741 (N.D. Ill. 2011) (alteration and emphasis in original) (quoting *Boone v. Citigroup, Inc.*, 416 F.3d 382, 391 (5th Cir. 2005)). Because Defendants' grounds for fraudulent-joinder do not apply to Wilderness Hotel itself, the common-defense doctrine does not apply here.

¶ 17(a)-(b). Finally, the complaint alleges that Defendants failed to timely and appropriately respond to Ballard's husband's condition. *Id.* ¶ 17(h). Thus, although the affidavit states that Glacier Canyon does not directly employ the lifeguards or own the pool, it does not foreclose the possibility that Glacier Canyon may be liable under any of these other negligence theories.

Finally, at this stage of the litigation, it is difficult to rule out any reasonable possibility that Glacier Canyon may be liable because the parties likely do not know yet why or how Ballard's husband drowned. Additional discovery is therefore needed to determine the precise cause of the drowning and to rule out that Glacier Canyon was responsible. Although fraudulent joinder may be demonstrable when there is a precise question of *law* for the Court to answer, it is much more difficult to establish when, as in this case, there are many questions of fact that have yet to be explored or answered through discovery. Here, given the substantial overlap in Defendants' common areas and the unanswered questions about what led to Ballard's husband's drowning, Defendants have not met their burden of showing that there is no reasonable possibility of finding Glacier Canyon liable. Instead, the reasonable possibility remains that Ballard can still recover against Glacier Canyon.

## IV. Conclusion

For the reasons stated above, Glacier Canyon is not fraudulently joined and removal was improper. Ballard's motion to remand [R. 40] is therefore granted, and the pending motions to dismiss [R. 24, R. 27, R. 30] are terminated without prejudice in light of the remand.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 1, 2014